UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AGEH MAVINE ASHU PETITIONER

V. CIVIL ACTION No. 5:26-CV-386-DCB-BWR

WARDEN RESPONDENT
Adams County Correctional Center

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 12] of the United States Magistrate Judge entered herein on September 30, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended denial of Ashu's Petition [ECF No. 1]. Petitioner, a native and citizen of Cameroon, who is proceeding pro se, did not file objections to the Report by his deadline of October 14, 2026. See Fed. R. Civ. P. 72(b)(2). However, in an effort to extend leniency to Petitioner for allegedly slow mail delivery within the Adams County Correctional Center, about which several petitioners have complained, the Court has waited an additional two weeks before considering the Report. See e.g., Letter [ECF No. 14-1], Conteh v. Warden, No. 5:26cv359-DCB-BWR (S.D. Miss. Oct. 19, 2026) (Report entered Sept. 29, 2026, and received by petitioner on Oct. 12, 2026); Mot. [ECF No. 21], Ntuchu v. Warden, No. 5:26cv101-DCB-BWR (S.D. Miss. Oct. 16, 2026) (Report entered Sept. 15, 2026, and

received by petitioner on Oct. 1, 2026). Even so, as of the date of this Order, no objections have been received by the Court.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Ashu's Petition [ECF No. 1], the related filings, and the record in this matter. The Court observes that Ashu turned himself in to U.S. Border Patrol on January 22, 2025, and processed for expedited removal. On August 18, 2025, and Immigration Judge subsequently denied his applications for asylum and withholding of removal and ordered him removed to Cameroon. Ashu appealed the Immigration Judge's decision, and his appeal is still pending before the Board of Immigration appeals.[1]

Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full as the opinion of this Court.

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited, Nov. 10, 2026).

As Judge Rath found, Ashu's detention while his removal proceedings are ongoing is mandated by 28 U.S.C. § 1225(b)(1) and does not violate the Fifth Amendment's Due Process Clause.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis

in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . .

either from the statutory scheme itself or from the circumstances [in Demore].” Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee’s year-long, pre-removal detention did not violate the Fifth Amendment’s Due Process Clause where there had been no “‘dilatory tactics’ by either side,” but “back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner’s] lengthy detention.” Banyee, 115 F.4th at 934. Banyee said, “[n]or is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment.” Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner’ detention does not determine its legality. Id. at 932. “The why . . . is more important than how long.” Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner’s detention is lengthened due to “general administrative backlogs” does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Ashu's Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report and Recommendation [ECF No. 12], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 12th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE